UNITED STATES *v.* J. E. BERNARD & COMPANY, INC. (No. 4802)[1]

United States Court of Customs and Patent Appeals, February 8, 1955

*Warren E. Burger*, Assistant Attorney General (*Richard E. FitzGibbon, Daniel I. Auster*, and *William J. Vitale*, special attorneys, of counsel), for the United States.

[1] C. A. D. 586.

*Barnes, Richardson & Colburn (Joseph Schwartz* of counsel) for appellee.

[Oral argument December 9, 1954, by Mr. Auster and Mr. Schwartz]

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Associate Judges

O'CONNELL, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Second Division, entered pursuant to its decision, C. D. 1548, 31 Cust. Ct. 86.

Two separate protests were consolidated for trial and claimed certain parts of so-called gladirons were improperly classified by the Collector of Customs and assessed by him with duty at the rate of 17½ per centum ad valorem as parts of washing machines, not specially provided for, under the provisions of paragraph 353 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, which, so far as pertinent, reads:

Articles suitable for producing, rectifying, modifying, controlling, or distributing electrical energy, and articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs; all the foregoing (not including electrical wiring apparatus, instruments, and devices), finished or unfinished, wholly or in chief value of metal, and not specially provided for:

Switches and switchgear which are not wiring apparatus, instruments, or devices; fans; blowers; and washing machines.

17½% ad val.

*     *     *     *     *     *     *

Other articles (except machines for determining the strength of materials or articles in tension, compression, torsion, or shear; flashlights; batteries; vacuum cleaners; and internal-combustion engines).

15% ad val.

Parts, finished or unfinished, wholly or in chief value of metal, not specially provided for, of articles provided for in any item 353 of this Part.

The same rate of duty as the articles of which they are parts.

The importer claimed the goods are parts of electrical ironers properly dutiable at 15 per centum ad valorem as "parts of articles having an essential electrical element or device" under the same paragraph and trade agreement hereinbefore described.

The issue in the case concerns no conflict with respect to the facts but resides solely in the provision of law which is applicable to those facts.

The record consists of the testimony of Frank Pollaczek, employed for four years as the import and export manager for the firm of the Thor Corp., the ultimate consignee of the merchandise, together with plaintiff's Exhibit 1, a sample of an extension board blank complete with hardware; Exhibit 2, a photograph of the gladiron; and Exhibit 3,

a photograph depicting how the gladiron is stored, all of which were offered in evidence by the Government and admitted without objection.

The involved articles are thus described in the opinion of the trial court on the basis of the evidence submitted by appellee:

Pollaczek's testimony * * * establishes that after importation the articles are painted and then assembled in ironing machines, known as gladirons, which are graphically described in illustrative exhibit 2. The extension boards. or wings are essential parts of a gladiron as they serve the convenience of the operator, forming a platform on which to spread out fabrics to be ironed and permit a steady flow of the fabrics to the iron. In the process of ironing, the material is placed between a roll, turned by a motor, and the heating element of the gladiron, which is in a so-called shoe placed above the roll and identified by the letter "Y" on illustrative exhibit 2. The electrical features of a gladiron are a motor which drives the roll and the heating element in the so-called shoe. It appears further that the gladiron can operate only by means of electricity and that the machine is used exclusively for the purpose of ironing laundry in the home.

It has been nowise disputed, as the Customs Court observed, that these gladirons meet not only the specification of the articles enumerated in paragraph 353, but also the articles defined in paragraph 339 of the Act, which reads:

Par. 339. Table, household, kitchen, and hospital utensils, and hollow or flat. ware, not specially provided for: Plated with platinum or gold, 65 per centum ad valorem; plated with silver, 50 per centum ad valorem; composed of iron or steel and enameled or glazed with vitreous glasses, 5 cents per pound and 30 per centum ad valorem; composed wholly or in chief value of aluminum, 8½ cents per pound and 40 per centum ad valorem; composed wholly or in chief value of copper, brass, steel, or other base metal, not plated with platinum, gold, or silver, and not specially provided for, 40 per centum ad valorem; the foregoing rates shall apply to the foregoing articles whether or not containing electrical heating elements as. constituent parts thereof.

It was stipulated that the imported extension boards are in chief value of metal; and on that basis the Government in its brief here and at the trial in the court below repudiated the collector's classification, as noted in the opinion of the court:

Defendant now abandons the classification by the collector and contends that. the involved articles, being parts of household utensils, are properly dutiable as. manufactures of metal not specially provided for under paragraph 397, Tariff Act. of 1930, as modified by T. D. 51802 and paragraph 339 of said Act in keeping with the classification of similar parts involved in Protest 177160–K, etc., submitted to the court for determination simultaneously herewith.

Paragraph 397, as modified by T. D. 51802, upon which the Government thus relies, so far as pertinent, reads:

Articles or wares not specially provided for, whether partly or wholly manufactured:

    *       *       *       *       *       *       *

Composed wholly or in chief value of iron, steel, copper, brass, nickel, pewter, zinc, aluminum, or other metal (not including platinum, gold, or silver), but not plated with platinum, gold, or silver, or colored with gold lacquer:

\* \* \* \* \* \* \*

Other (except slide fasteners and parts thereof)_____ 22½% ad val.

The authorities relied upon by the Government in support of its position were distinguished as inapposite by the Customs Court. The court on the other hand sustained appellee's protest hereinbefore described and in so doing held that the importations in controversy are parts of articles which in their entirety fall within the descriptive language of both paragraphs 339 and 353 but, in view of the fact that Congress did not provide for parts of household utensils in paragraph 353 but it did provide there for parts of electrical articles, the importations in issue, as between the provisions of paragraph 397, relating to manufactures of metal, not specially provided for, and paragraph 353, relating to parts of electrical articles, were properly dutiable under said paragraph 353 as parts of articles, electrical ironers, having an essential electrical feature, dutiable at the rate of 15 per centum ad valorem.

More specifically stated, the Customs Court held that the involved gladirons are parts of household utensils provided for in paragraph 339, but are properly dutiable as parts of articles having as an essential feature an electrical element or device under paragraph 353, as modified by the trade agreement, *supra*, in the absence of a provision for parts in paragraph 339.

We have carefully analyzed the arguments and authorities presented by the Government and find therein no cause for reversing the judgment of the Customs Court which is hereby *affirmed*.